UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA J. PERKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 11-2526 JC<br><br>ORDER GRANTING MOTION TO WITHDRAW AND DISMISSING ACTION |

On April 6, 2011, plaintiff Brenda J. Perkins ("Plaintiff"), who was then proceeding with the assistance of counsel, filed a complaint to review a decision of the Commissioner of Social Security regarding Disability Insurance Benefits ("DIB"). The parties have consented to proceed before a United States Magistrate Judge.

On April 8, 2011, this Court issued a Case Management Order which directed plaintiff to file a motion for summary judgment within thirty (30) days of service of Defendant's Answer. By orders dated August 11, 2011 and August 31, 2011, the Court extended plaintiff's deadline, ultimately extending such deadline to September 19, 2011.

///

On September 19, 2011, Plaintiff's counsel filed a motion to withdraw as attorney of record ("Motion to Withdraw") which counsel served on plaintiff, as well as on defendant's counsel of record.  On September 20, 2011, this Court issued an Order ("September Order") which (1) directed the Clerk to serve plaintiff herself with the September Order; (2) vacated plaintiff's deadline to file a motion for summary judgment pending further order of the Court; and (3) directed plaintiff herself, by no later than October 4, 2011, to file a response to the pending Motion to Withdraw and, expressly advised plaintiff that such response must, at a minimum indicate (a) whether or not plaintiff opposed the Motion to Withdraw and if so, the reason(s) therefor; (b) whether, in the event the Court granted the Motion to Withdraw, plaintiff wished to represent herself and proceed *pro se* in this matter or whether plaintiff wished to substitute in new counsel; (c) in the event plaintiff wished to substitute in new counsel, whether plaintiff currently had new counsel or requested an additional period of time – which had to be specified – to obtain new counsel; (d) whether plaintiff wished to proceed with the instant action or whether she wished the Court to dismiss the instant action; and (e) if plaintiff wished to proceed with this action, a proposed deadline for plaintiff to file a motion for summary judgment.  The September Order also expressly cautioned plaintiff that the failure to comply with such order and to file the ordered response by October 4, 2011, would result in an Order granting the Motion to Withdraw and might result in the dismissal of this action based on plaintiff's failure to comply with the Court's order and/or failure to prosecute this action.

To date, plaintiff has failed to file the response called for by the September Order.

This Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.  See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  In determining whether to dismiss an

1  action for lack of prosecution, a court must consider several factors:  (1) the
2  public's interest in expeditious resolution of litigation; (2) the court's need to
3  manage its docket; (3) the risk of prejudice to defendant; (4) the public policy
4  favoring disposition of cases on their merits; and (5) the availability of less drastic
5  alternatives.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v.
6  Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).
7       This Court finds that the first two factors – the public's interest in
8  expeditiously resolving this litigation and the Court's interest in managing the
9  docket, weigh in favor of dismissal, as the Court cannot hold this case in abeyance
10 indefinitely awaiting plaintiff's response to the Court's directive.  The third factor,
11 risk of prejudice to defendant, also weighs in favor of dismissal since a
12 presumption of injury arises from the occurrence of unreasonable delay in
13 prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.
14 1976).  The fourth factor, the public policy favoring disposition of cases on their
15 merits, is greatly outweighed by the factors in favor of dismissal discussed herein.
16 Finally, in light of the fact that this Court has already given plaintiff an
17 opportunity to make her position on pertinent matters relative to this case known
18 to the Court, and plaintiff has failed to do so, no sanction lesser than dismissal
19 without prejudice is feasible.
20      IT IS THEREFORE ORDERED that (1) the Motion to Withdraw is granted;
21 and (2) this action is dismissed without prejudice for failure to prosecute.
22      IT IS SO ORDERED.
23 DATED:  October 13, 2011
24                              /s/
25                     Honorable Jacqueline Chooljian
                       UNITED STATES MAGISTRATE JUDGE
26
27
28